SMITH, Justice,
dissenting:
¶ 21. The Majority bases its reversal on the premise that the trial court improperly disciplined Sanford Knott. This is a mis-charaeterization of events. Rather, this ease is about Hinds County, Mississippi recovering funds improperly expended on behalf of an alleged indigent, one Kenneth Tornes, by a former public defender, Sanford Knott.
¶ 22. The Majority holds that the Circuit Court of the First Judicial District of Hinds County was without jurisdiction to require Knott to repay to the county funds he disbursed at Defendant Tomes’ request. I disagree. The Majority tries to make much out of the fact that Knott’s involvement “was separate and distinct from the action which was pending before the circuit court.” Majority Opinion at 577. The Majority overstates the facts. It is true that Knott was not involved in Tornes’ defense of criminal allegations. However, Knott was a former public defender and was hired by Tornes to disburse his retirement funds. Upon knowledge of this arrangement, the district attorney brought a Motion for Review of Indigency in the circuit court. “The circuit court is empowered to hear and determine all motions ...” URCCC 2.02.
¶23. The status of Defendant Tornes’ finances were clearly before the court at this point to determine whether Tornes should continue to benefit from the aid of a public defender. Thus, the role of Knott in expending Tornes’ funds was also properly a part of the proceedings. The trial court then had jurisdiction to require Knott to repay the funds since Tornes was obviously not indigent, as Tornes had claimed when he executed the affidavit to that effect.
¶ 24. This Court has said, as follows:
The Rules of Discipline do not and cannot deprive any court of such powers as may be necessary for that court to maintain control over practice and proceedings conducted before it in ongoing cases or over the continuing conduct of an attorney which disrupts justice. Miss. R.Disc. 1(b). This Court has specifically enunciated the retention of that power.
The Court may, after reasonable notice and opportunity to show cause to the contrary, and after hearing, if requested, impose such sanctions as may be appropriate on any party, court reporter, trial court clerk, or attorney who fails to comply with these rules or any order issued pursuant to these rules....
Miss.R.App.P. 2(b). Any court without such power is something less than a court.
In re Lewis, 654 So.2d 1379, 1382 (Miss.1995). It is clear here that the Circuit Court of the First Judicial District of Hinds County has the power to maintain control over the proceedings before it in the ongoing case of the prosecution of Kenneth Tornes, and Knott’s actions on behalf of Tornes inarguably disrupted those proceedings. The circuit court acted *579 in accord with its authority under Uniform Circuit and County Court Rule 1.031 when it required Knott to repay the funds he improperly (without court approval or knowledge) expended on behalf of Defendant Tornes, so that the taxpayers of Hinds County would not have to pay the legal bills of this now convicted murderer.
¶ 25. Circuit Judge Breland Hilburn drives this point home in his Order when he states,
The Court further finds that the discussion with Judge Page of the existence of retirement funds on deposit was not authorization for Mr. Knott to acquire these, funds and disburse them without first obtaining approval of this Court. Mr. Knott was neither privy to this discussion nor retained by Tornes at that time. His failure to obtain authority and to advise the Court of his intention to dispose of these assets is a violation of his responsibilities of full disclosure to this Court.
The circuit court did not allege ethical violations requiring disciplinary action nor did the court discipline him. In fact, Judge Hilburn admonished the district attorney during the hearing oh[1] the motion when he attempted to question Knott about possible ethical violations, as follows:
We are here on the question of whether or not the public defender is to continue. That is the sole purpose of this hearing. I think Mr. Knott needs an opportunity to have a defense and respond to what you are going into now. And I want to go ahead and ruling on the motion, and then reset this where he can have appropriate representation. I don’t feel comfortable in the posture that this is in right now.
This statement alone is sufficient to refute the Majority’s view that the trial judge imposed discipline upon Knott. The court simply had him repay to the county funds he disbursed without court approval as the court has the authority to do under the rules. Accordingly, this Court should affirm the circuit court’s judgment.
¶ 26. The Majority also holds that the district attorney was without standing, because “the district attorney is required to obtain approval from the attorney general prior to bringing a civil action to recover an indebtedness to the county irrespective of the sources of the funds sought.” Majority at 577 (emphasis added). The Majority supports this conclusion with a well-reasoned analysis of the applicable statutes and case law. However, the record shows that the district attorney simply filed a Motion for Review of Indigency once it was discovered that Mr. Knott was disbursing Tornes’ retirement funds without court approval. As stated above, URCCC 2.02 empowers the court to hear and determine such motions. Moreover, no “civil action” was brought by the district attorney. “A civil action is commenced by filing a complaint with the court.” Miss. R. Civ. P. 3(a). The record only reveals a Motion for Review of Indi-gency in an ongoing criminal prosecution.
¶ 27. Surely, the Majority does not mean to hold that the district attorney does not have standing to.file a motion before the trial court in an ongoing criminal case. However, as it is, the Majority opinion would require the district attorney to get the prior approval of the attorney general before any motion was filed that might have the effect of recovering improperly disbursed funds. Such a broad reading of the statutes is both uncalled for and has the potential for great mischief. I respectfully dissent.
PITTMAN, P.J., and MILLS, J., join this opinion.
JAMES L. ROBERTS, Jr., J„ joins in part.

. RULE 1.03 SANCTIONS
Any person embraced within these rules who violates the provisions hereof may be subjected to sanctions, contempt proceedings or other disciplinary actions imposed or initiated by the court.